IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLAUDE AMORISSANI,
JULIE DES FORGE-AMORISSANI,
GRACE DES FORGE,
LINDA DES FORGE,
STEVEN DES FORGE,

              Plaintiffs,

and

UNITED FIRE & CASUALTY COMPANY,
GROUP HEALTH COOPERATIVE OF EAU
CLAIRE,
STATE OF WISCONSIN DEPARTMENT OF
HEALTH SERVICES, RADIAL COMMERCE,
INC. EMPLOYEE WELFARE BENEFIT PLAN,
MAYO MEDICAL PLAN, CENTERS FOR
MEDICARE AND MEDICAID SERVICES, LIFE
INSURANCE COMPANY OF NORTH
AMERICA,

              Involuntary plaintiffs,

    v.

KEVIN BARTLETT,
MORAN TRANSPORTATION CORP.,
WESTFIELD INSURANCE CO.,

              Defendants.

ORDER

18-cv-677-jdp

---

Plaintiffs sustained serious injuries in a traffic accident, which they allege was caused by defendant Bartlett's intoxicated operation of a semi-truck. Plaintiffs filed suit in federal court against Bartlett, as well as Bartlett's employer, Moran Transportation Corp., and Moran's insurer, Westfield Insurance Co. Dkt. 1.

Plaintiffs invoke this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether the court can exercise diversity jurisdiction, the court will direct plaintiffs to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, plaintiffs allege that diversity jurisdiction is proper because: (1) the amount in controversy exceeds $75,000; and (2) the controversy is between citizens of different states. Dkt. 1, ¶ 2. For the latter to be true, however, no plaintiff can be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Plaintiffs' allegations regarding the parties' citizenships are insufficient to allow the court to determine whether this is the case.

Plaintiffs allege that Claude Amorissani, Julie Des Forge-Amorissani, Grace Des Forge, Linda Des Forge, and Steven Des Forge are all residents of Wisconsin. Dkt. 1, ¶¶ 4–8. They further allege that Kevin Bartlett is a resident of Illinois. *Id.*, ¶ 16. But these allegations do not establish their citizenship. Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Lake v. Hezebicks*, No. 14-cv-143,

2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Plaintiffs will need to amend their complaint to properly allege the plaintiffs' citizenships and defendant Bartlett's citizenship.

Plaintiffs allege that defendant Moran Transportation Corp. is an Illinois corporation with its principal place of business in Illinois. Dkt. 1, ¶ 17. That allegation is sufficient to establish that Moran is an Illinois citizen; a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88. But plaintiffs fail to allege the citizenship of defendant Westfield Insurance Company. Plaintiffs allege that Westfield's principal place of business is in Illinois, but plaintiffs do not allege that Westfield is also incorporated in Illinois. Dkt. 1, ¶ 18. If Westfield is a corporation, then it is also a citizen of the state of its incorporation. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). So plaintiffs must also allege Westfield's state of incorporation. But if Westfield is an unincorporated association, not a corporation, then plaintiffs must allege the citizenship of each of its members. *See id*.

Finally, plaintiffs name several "involuntary plaintiffs." Dkt. 1, ¶¶ 9–15. In federal court, a party who wishes to name an involuntary plaintiff must show that the absent party has refused to be joined as a plaintiff and is outside the court's jurisdiction. *Pullen v. House*, 88 F. Supp. 3d 927, 948 n.1 (W.D. Wis. 2015) (citing 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1606, at 73 (3d ed. 2001)). Because plaintiffs have not made either of these showings, they cannot name these parties as involuntary plaintiffs. If joinder of these parties is required under Federal Rule of Civil Procedure 19, then these parties should join the complaint as proper plaintiffs and allege their citizenship. And if they refuse to appear voluntarily, then they should be named as defendants

and served with process. *See Balistreri v. Richard E. Jacobs Group, Inc.*, 221 F.R.D. 602 (E.D. Wis. 2004).

The court will allow plaintiffs to file an amended complaint that establishes subject matter jurisdiction. But failure to cure the jurisdictional defects in the complaint by the deadline below will result in a prompt dismissal.

ORDER

IT IS ORDERED that:

1. Plaintiffs may have until September 5, 2018, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered August 22, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge